**Bismark USEA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–77014, 06–72588.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 16, 2007.*

Filed Jan. 18, 2007.

Nicholas W. Marchi, Esq., Carney & Marchi, PS, Seattle, WA, for Petitioner.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Christopher Lee Pickrell, Esq., USSE–Office of the U.S. Attorney, Joanne E. Johnson, Esq., Seattle, WA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, PAEZ and BYBEE, Circuit Judges.

MEMORANDUM **

These consolidated petitions for review concern the denial of petitioner's motion to reopen removal proceedings.

The Board of Immigration Appeals ("BIA") did not abuse its discretion in denying petitioner's motion to reopen as untimely because the motion to reopen was filed over one year late, and did not meet any of the regulatory exceptions. *See* 8 C.F.R. § 1003.2(c)(2), (3); *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002) (BIA's denial of a motion to reopen is reviewed for abuse of discretion).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent petitioner challenges the decision of the BIA not to reopen proceed-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ings under its sua sponte authority, this court lacks jurisdiction to review that claim. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, we dismiss that claim for lack of jurisdiction.

**PETITION FOR REVIEW DENIED in part DISMISSED in part.**